UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

ALLSTATE INSURANCE COMPANY, )
    Plaintiff, )
)
vs. ) 4:07-cv-106- SEB-WGH
)
MARCUS M. BURGHER, III., )
ROSENBARGER EXCAVATING, INC. )
and DONAN ENGINEERING, INC., )
    Defendants. )

### ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff, Allstate Insurance Company ("Allstate"), is the subrogee of its insured, Darrell Conrad ("Conrad"), whose office premises shared a support wall with the adjoining premises owned by Defendant, Marcus M. Burgher, III. Burgher's law office caught fire and suffered enough damage that, after consulting with Defendant Donan Engineering, Inc. ("Donan") regarding the building's overall, resultant structural integrity, Burgher's insurer, State Auto Insurance Companies ("SAIC"), found it to be a total loss. In addition to conducting a structural review, Donan investigated the cause and origin of the fire, and Defendant Rosenbarger Excavating, Inc. ("Rosenbarger") was thereafter retained to perform the required demolition. During the course of the demolition, Conrad's premises were damaged. Conrad submitted a claim to Allstate for damages resulting both from the fire and from the demolition. Allstate paid Conrad's claim and has now brought this subrogation claim for that amount.

The motion currently before the Court is Allstate's Motion for Sanctions for Spoliation of Evidence Against Marcus Burgher, III (Doc. #81). The sanctions sought by Allstate include a judicial finding that negligence has been admitted by Burgher with respect to the cause of the fire. The request for sanctions arises out of the fact that a window air conditioner, which was located in the area of the origin of the fire and thus became one of the artifacts taken into custody and examined by Donan, was discarded after Burgher and SAIC indicated they were not interested in having it returned to them. The relevant facts are further summarized in the paragraphs below.

The fire occurred on Friday, November 18, 2005, and, after it was extinguished, the State Fire Marshall's Office conducted an investigation at the scene. Andy Long of the Fire Marshall's Office concluded that the likely ignition source for the fire was an extension cord which powered the window air conditioner. He opined in his written report that the extension cord, which was found under a number of books and materials placed on the floor, likely malfunctioned and caused the fire. After Burgher was informed by Long that the extension cord was the likely source of ignition for the fire, Burgher collected and retained the extension cord. Donan performed its site investigation on November 21, 2005, and took the air conditioner to its lab for testing, later requesting that Burgher provide the extension cord for its evaluation as well. After investigating the scene and examining the air conditioner and the extension cord, Donan issued its report to SAIC on January 3, 2006.

-2-

Donan's report concluded that, due to the heavy damage to the air conditioner, a complete study of its component parts could not be performed. The report provided that only a portion of the unit's power supply cord was recovered from the building and that Donan could not rule out the unit or its supply cord as possible ignition sources. Included in the report was the following conclusion: "Study of the extension cord as well as the air conditioner did not reveal any physical evidence of failure leading to the ignition source of the fire." Donan's investigation as to the cause of the fire was thus inconclusive. Along with its report, Donan sent to SAIC an "Evidence Storage Notice," which sought direction with regard to whether the extension cord and air conditioner should be stored, returned or discarded. SAIC sent the notice back with the box marked designating "Return" along with a handwritten note indicating the return should be to Mr. Burgher. Someone from Donan telephoned Burgher regarding the return of the evidence and Burgher told them to send back to him the extension cord, but not the air conditioner, particularly since he saw no reason for him to be required to incur the cost of having it shipped back to him.

While Donan was analyzing the evidence and putting together its report, Allstate was processing Conrad's insurance claim, evaluating the propriety of repairing the unstable "party wall," and putting SAIC on notice that it would be pursuing a subrogation claim. Allstate paid Conrad $5,918.87 for fire-related repairs and $324,750.00 for the value/repair of his building. When Allstate submitted its subrogation claim to SAIC,

SAIC balked at paying the costs of repairing the damage to the building which occurred during the demolition, but accepted responsibility for payment of any damages Conrad had incurred as a result of the fire. At that time and continuing on through the time when Allstate filed its initial complaint, the focus of all parties has been on determining who was responsible for assuming the costs of the damage done during demolition. Only after Allstate filed its Amended Complaint was the issue of the cause of the fire raised in connection with any theory of recovery. This is the first time that Allstate asserted that Burgher was negligent in connection with causing the fire and that the fire had damaged Conrad's side of the building.

With its motion for sanctions, Allstate seeks to have Burgher's negligence established as a matter of settled fact in this litigation, apparently in hopes that this would establish Allstate's entitlement to an amount greater than the $5,918.87 SAIC/Burgher have agreed to reimburse as uncontested fire related damages.[1] Allstate claims that Burgher and his insurer failed to properly preserve evidence, thus resulting in Allstate's inability to establish the cause of the fire or contest any cause and origin or damage determination made by Donan.

Spoliation is not an independent tort in Indiana, but Indiana law does allow courts to fashion remedies for spoliation, including the establishment of a factual inference that

---

[1] Burgher has essentially admitted in his briefing that he is responsible for and will reimburse Allstate the $5,918.87 it has paid to repair damage related to the fire.

the evidence which has been destroyed or altered would, in its original form, be unfavorable to the party responsible. *Gribben v. Wal-Mart Stores, Inc.*, 824 N.E.2d 349 (Ind. 2005). In addition to there being no independent cause of action for spoliation of evidence, Allstate has not established that it is entitled to the benefit of such a factual inference in this case.

First, as defined under Indiana law, spoliation is an <u>intentional</u> act. *Id.*; *see also*, *American National Property and Casualty Co. v. Wilmoth*, 893 N.E.2d 1068, 1070 (Ind. App. 2008). Second, the party charged with spoliation must be the party with exclusive control over the evidence so that responsibility for its destruction or alteration clearly rests with the accused party. *Cahoon v. Cummings*, 734 N.E.2d 535, 545 (Ind. 2000). Here, there is no evidence of exclusive control over the evidence or any intent on the part of Burgher to destroy or alter the evidence. He did not direct that the air conditioner be taken from the scene and he did not tell Donan to destroy it; he simply said that he didn't want it and that he was not going to pay for it to be shipped back to him. Further, Burgher had no reason to suspect that the air conditioner had any evidentiary importance because he had not read the Donan report and was, in fact, under the impression, based on what Andy Long of the Fire Marshall's Office had told him, that the extension cord (which he did retain) was the likely cause of the fire. Moreover, at that particular time, the extent and cost of the demolition damage were the focus of everyone's concerns and the cost-shifting negotiations, not the cause of the fire.

The key issue in this case remains the question of who is responsible for the damage to the shared wall between the two buildings which occurred during the demolition process. As we have noted in our previous order, Indiana's comparative fault statute(s) will allow the jury to determine between (among) Burgher, Donan and Rosenbarger how fault for the damages from the demolition should be distributed. If the case is to be resolved prior to trial, the parties are well advised to focus their attentions on that issue, not on who (or what) caused the fire. As previously noted, through admissions in pleadings and briefs, Burgher (or his insurer) has already indicated his intention to repay Allstate the $5,918.87 it incurred in underwriting the fire-related damages, so that is, so far as the Court can tell, a settled matter.

### *Conclusion*

For the reasons set forth in this entry, Allstate's Motion For Sanctions For Spoliation of Evidence (Doc. #81) is **DENIED.**

**IT IS SO ORDERED.**

Date: 07/15/2009

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Copies to:**

Larry R. Church
MCNEELY STEPHENSON THOPY & HARROLD
lrchurch@msth.com

Chrissy Michelle Dunn
Droder & Miller Co. LPA
cdunn@drodermiller.com

Thomas F. Glassman
SMITH, ROLFES & SKAVDAHL CO., LPA
tglassman@smithrolfes.com

Thomas G. Goodwin
BOEHL STOPHER & GRAVES, LLP
tgoodwin@bsg-law.com

Jeffrey L. Hansford
BOEHL STOPHER & GRAVES, LLP
jhansford@bsg-in.com

Rebecca Bennett Howard
WYATT TARRANT & COMBS, LLP
rebeccabennetthoward@wyattfirm.com

James D. Johnson
RUDOLPH FINE PORTER & JOHNSON
jdj@rfpj.com

Anthony J. Morrone
COZEN O'CONNOR
amorrone@cozen.com

John Patrick Schomaker
SMITH ROFLES & SKAVDAHL CO, L.P.A.
pschomaker@smithrolfes.com

Edward H. Stopher
BOEHL STOPHER & GRAVES, LLP
estopher@bsg-law.com