UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, ) | | |
| as subrogee of Darrell Conrad d/b/a ) | | |
| Conrad Sales, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 4:07-cv-106-SEB-WGH | |
| ) | | |
| MARCUS M. BURGHER III, ) | | |
| ROSENBARGER EXCAVATING, INC., ) | | |
| and DONAN ENGINEERING, INC., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |
| MARCUS M. BURGHER III, ) | | |
| ) | | |
| Cross Claimant, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| ROSENBARGER EXCAVATING, INC., ) | | |
| ) | | |
| Cross Defendant. ) | | |

**ENTRY ON DEFENDANT DONAN ENGINEERING COMPANY, INC.'S
MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND
MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

This matter is before the Honorable William G. Hussmann, Jr., United

States Magistrate Judge, on Defendant Donan Engineering Company, Inc.'s

("Donan") Motion for Leave to File an Amended Answer and Motion for Summary

Judgment, filed August 28, 2009. (Docket Nos. 106-07). Plaintiff filed a Response on September 14, 2009 (Docket No. 110), and Donan filed a Reply on September 21, 2009 (Docket No. 111).

## II.     Analysis

Rule 8(c) of the Federal Rules of Civil Procedure requires a defendant to plead an affirmative defense, such as a statute of limitations defense, in its answer to the complaint. FED. R. CIV. P. 8(c). However, the amendment of pleadings by a party is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes that leave should be freely given when justice requires. FED. R. CIV. P. 15(a). In fact, in *Kontrick v. Ryan,* the United States Supreme Court explicitly explained that:

> [a]n answer may be amended to include an inadvertently omitted affirmative defense, and even after the time to amend "of course" has passed, "leave [to amend] shall be freely given when justice so requires."

*Kontrick,* 540 U.S. 443, 459, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). Therefore, as the Seventh Circuit has noted, a motion for leave to assert a statute of limitations defense is appropriate when the plaintiff has adequate notice that a statute of limitations defense is available and adequate opportunity to respond. *Jackson v. Rockford Housing Authority,* 213 F.3d 389, 393 (7th Cir. 2000).

In this instance, Donan was added as a defendant on January 22, 2009, when Plaintiff filed its Second Amended Complaint. Plaintiff alleges that it suffered damages when a nearby building was razed. Plaintiff added Donan as a defendant arguing that Donan was hired as an expert in structural engineering and recommended that the building be razed. (Second Amended Complaint ¶¶ 15, 48). Donan, therefore, argues that the claims raised by Plaintiff are professional negligence claims governed by Indiana Code § 34-11-2-4 which provides: "An action for: . . . (2) injury to personal property . . . must be commenced within two (2) years after the cause of action accrues." The Magistrate Judge concludes that this statute of limitations is not clearly inapplicable to the facts as they have been pled thus far and that Plaintiff could have anticipated the possibility that Donan would raise the statute of limitations as a defense. Additionally, Plaintiff will have an adequate opportunity to respond to Donan's statute of limitations defense after Donan has filed its Motion for Summary Judgment. In light of the fact that leave to amend should be freely granted, Donan's Motion for Leave to File Amended Answer and Motion for Summary Judgment is granted.[1]

---

[1] The Magistrate Judge notes that a determination of whether or not this particular statute of limitations is applicable to this case and whether or not Donan waived its statute of limitations argument are matters to be resolved by the District Court upon ruling on Donan's Motion for Summary Judgment.

### III.   Conclusion

For the reasons outlined above, Defendant Donan Engineering Company, Inc.'s Motion for Leave to File an Amended Answer and Motion for Summary Judgment is **GRANTED**.  The Clerk of Court is directed to docket the Amended Answer which was attached to Donan's motion at Docket No. 106.  In addition, Defendant shall have fifteen (15) days from the date of this order to file its Motion for Summary Judgment.

**SO ORDERED** the 2nd day of November, 2009.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Larry R. Church
MCNEELY STEPHENSON THOPY & HARROLD
lrchurch@msth.com

Thomas F. Glassman
SMITH, ROLFES & SKAVDAHL CO., LPA
tglassman@smithrolfes.com

Thomas G. Goodwin
BOEHL STOPHER & GRAVES, LLP
tgoodwin@bsg-law.com

Jeffrey L. Hansford
BOEHL STOPHER & GRAVES, LLP
jhansford@bsg-in.com

Rebecca Bennett Howard
WYATT TARRANT & COMBS, LLP
rebeccabennetthoward@wyattfirm.com

-5-

James D. Johnson
RUDOLPH FINE PORTER & JOHNSON
jdj@rfpj.com

Anthony J. Morrone
COZEN O'CONNOR
amorrone@cozen.com

John Patrick Schomaker
SMITH ROFLES & SKAVDAHL CO, L.P.A.
pschomaker@smithrolfes.com

Edward H. Stopher
BOEHL STOPHER & GRAVES, LLP
estopher@bsg-law.com