UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| as subrogee of Darrell Conrad | ) | |
| d/b/a Conrad Sales, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:07-cv-0106-SEB-WGH |
| | ) | |
| MARCUS M. BURGHER III, | ) | |
| ROSENBARGER EXCAVATING, INC., | ) | |
| DONAN ENGINEERING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANT DONAN ENGINEERING, INC.'S,**

**MOTIONS FOR SUMMARY JUDGMENT**

**I.     Introduction**

This matter is pending decisions by the Court on Defendant, Donan Engineering,

Inc.'s, ("Donan") two Motions for Summary Judgment, one filed July 15, 2009[1] (Docket

Items 95, 97) and the other based on statute of limitations grounds filed November 17,

---

[1]Defendant Rosenbarger Excavating, Inc., filed a Response on August 20, 2009, (Docket Items 102-03) and Plaintiff also filed a Response on August 20, 2009 (Docket Item 104).  Donan filed its Reply Briefs on August 31, 2009.  (Docket Items 108-09).

2009[2]  (Docket Items 117-18).[3]

## II.   Background

Darrell Conrad ("Conrad") d/b/a Conrad Sales owned a building located at 202 East Chestnut Street in Corydon, Indiana.  (Second Amended Complaint ¶ 2).  Defendant Marcus Burgher ("Burgher") owned an adjacent building located at 210 East Chestnut Street which he used as law offices.  (*Id*. ¶ 3).   The two buildings shared a common wall, from which both buildings derived support and which both buildings used as an exterior wall.  (Id. ¶ 8).

On November 18, 2005, a fire occurred in Burgher's building.  (Second Amended Complaint ¶ 13).  On November 18, 2005, State Auto, Burgher's insurer for the subject building, asked Donan to assess the structural integrity of the fire-damaged building.  (Deposition of David Hogue ("Houge Dep.") at 78).  On November 18, 2005, Russell A. Zeckner ("Zeckner"), a senior forensic engineer with Donan Engineering, studied the building to determine its structural integrity.  (Deposition of Russell Zeckner ("Zeckner Dep.") at 31, 37).

---

[2]Plaintiff filed a Response on December 21, 2009, (Docket Item 121) and Donan filed its Reply Brief on January 4, 2010. (Docket Item 122).

[3]A companion case, 4:07-cv-106, involves related legal issues, facts and parties.  We summarize again here the relevant facts in controversy for the sake of convenience to the parties and as they pertain to this specific litigation.

-2-

On November 19, 2005, Zeckner provided State Auto with a draft report reflecting the conclusion that the fire-damaged building should be razed because it would not be economically feasible to repair. (Zeckner Dep at 41). Zeckner's report further stated that a second floor demolition could be accomplished through an inward collapse and that such methodology would lessen potential damage to adjacent structures. *(See Memorandum of Law in Support of Motion for Summary Judgment Based on Statute of Limitations at Exh. A [hereinafter November 19, 2005, Donan Engineering Draft Report]).* In addition, the report indicated that a second floor demolition would likely result in significant damage to the first floor and essentially demolish the entire building. *Id.*

On November 21, 2005, Burgher contracted with Defendant Rosenbarger Excavating to demolish the fire-damaged building. (Deposition of Marcus Burgher ("Burgher Dep.") at 10; Second Amended Complaint ¶¶ 17-18). During the course of the demolition, Ronnie Rosenbarger ("Rosenbarger"), owner of Rosenbarger Excavating, allegedly damaged the wall of Conrad's building. (Second Amended Complaint ¶ 33). This damage is alleged to have severely affected the structural integrity of Conrad's building. (*Id.* ¶ 34).

On November 23, 2005, Conrad's insurer, Allstate, was notified of the damage to the Conrad building and undertook an investigation into the subject claim. (*See* Memorandum of Law in Support of Motion for Summary Judgment Based on Statute of

Limitations at Exh. B).

Subsequent to the damage to Conrad's building, Allstate filed suit on August 7, 2007, against Defendants Burgher and Ronsenbarger Excavating seeking damages for having negligently razed the burned building. (*See* Complaint). The Complaint was amended a year later, on July 24, 2008, to add a claim of trespass against Defendant Burgher. (*See* Amended Complaint). On August 15, 2008, Defendant Burgher filed a Notice of Assertion of Non-party Liability claiming that Burgher had acted on advice from Donan regarding the demolition of the fire-damaged building. Allstate filed an Amended Motion for Leave to File an Amended Complaint Adding Donan Engineering, Inc., on October 17, 2008. Donan seeks summary judgment on the claim against him brought by Allstate in the Amended Complaint

### III.   Summary Judgment Standard

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The motion should be granted so long as no ational fact finder could return a verdict in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Thus, a court's ruling on a motion for summary judgment is akin to that of a directed verdict, as the question essentially for the

court in both is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.  When ruling on the motion, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences therefrom in that party's favor.  *Id.* at 255.  If the nonmoving party bears the burden of proof on an issue at trial, that party "must set forth specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e); *see also Silk v. City of Chicago,* 194 F.3d 788, 798 (7th Cir. 1999).  The moving party need not positively disprove the nonmovant's case; rather, it may prevail by establishing the lack of evidentiary support for that case.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

## IV.   Analysis

Donan has filed two summary judgment motions.  The first attacks the merits of Allstate's negligence claim against him.  The second challenges Allstate's claims against him on the grounds that they were brought after the two-year statute of limitations period had run.  Because we agree with Donan's argument that the limitations period had expired, we shall refrain from ruling on Donan's first motion for summary judgment challenging and the merits of Allstate's negligence claim.

Indiana Code § 34-11-2-3 sets out the limitations period for claims based on professional services, as follows:

> An action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, may not be brought, commenced, or maintained, in any of the courts of Indiana against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless the action is filed within two (2) years from the date of the act, omission, or neglect complained of.

Ind. Code § 34-11-2-3.  Allstate maintains that this action involves damage to real property rather than professional negligence and therefore a six-year statute of limitations applies, pursuant to Indiana Code § 34-11-2-7.  The Indiana Court of Appeals recently held that, regardless of the type of property involved, all claims based on professional malpractice are governed by the two-year statute of limitations.  *Shaum v. McClure*, 902 N.E.2d 853, 856 (Ind. Ct. App. 2009).  Given that Donan rendered an engineering-related opinion regarding the razing of the burned building, he performed professional services subject to the two-year limitations period.[4]

Having determined that Donan's actions are governed by the two-year limitations period, the next issue is whether Allstate brought this action against Donan within that required time frame.  To answer that question, the Court must determine when this cause of action accrued.  Normally, "[u]nder Indiana's discovery rule, a cause of action accrues,

---

[4]Allstate also argues in its Response that Defendant Burgher had the right to bring an action for contribution against Donan.  Allstate claims that it, therefore, could "borrow" Burgher's contribution action against Donan and the catch-all ten-year limitations period set out in Indiana Code § 34-11-1-2 that applies to contribution suits.  However, section 34-11-1-2 clearly states that it "does not apply whenever a different limitation is prescribed by statute."  Here, a two-year limitations period for actions brought based upon professional services rendered is specifically prescribed by statute, not the ten-year limitations period.

and the statute of limitations begins to run, when a claimant knows or in [the] exercise of ordinary diligence should have known of the injury." *Pflanz v. Foster*, 888 N.E.2d 756, 759 (Ind. 2008). A party does not have to discover the full extent of the damage in order for an action to accrue; it accrues once there is knowledge that some ascertainable damage has occurred. *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009). The discovery rule was applied by the Indiana Court of Appeals in the professional malpractice setting in *Shaum*, applying the holding in *Estate of O'Neal v. Bethlehem Woods Nursing and Rehab. Ctr., LLC*, 878 N.E.2d 303 (Ind. Ct. App. 2007), that ruled that Indiana Code § 34-11-2-3 is an "occurrence based" statute of limitations, meaning it accrues "when the conduct that caused the damage occurs." *Estate of O'Neal*, 878 N.E.2d at 307.

Under either the discovery rule or the occurrence rule, the results here are the same. The "occurrence" damage to Conrad's property occurred when the adjoining building was destroyed by Rosenbarger Excavating. Allstate knew or in the exercise of ordinary diligence should have known of that damage essentially at the same time. The damage to the building occurred on November 21, 2005, and Allstate was notified shortly thereafter. Allstate did not attempt to add Donan as a party until nearly three years later, on October 17, 2008. Thus, we conclude that Allstate's claim against Donan is barred by the two-year statute of limitations in Indiana Code § 34-11-2-3.

One final thing: Allstate argues in its Response that the limitations period did not

accrue until it learned Donan's identity.  Specifically, Plaintiff asserts:

> Plaintiff was unaware of Donan's role in November of 2005 for this occurrence until Defendant Burgher disclosed Donan's November 2005 reports (See cover letter and Rule 26 Disclosure, attached hereto as Exhibit A).  Furthermore, Allstate was not aware of the scope of Donan's assignment in November of 2005 until Burgher filed his notice of non-party fault in August of 2008 (See Notice of Non-Party Fault, attached hereto as Exhibit B).  Regardless of which date triggers the running of the statute, Allstate certainly filed its complaint within two years of either of these events.

(Response to Defendant's Motion for Summary Judgment at 3).  Allstate's implicit contention here is that the statute of limitations was tolled until it learned that Donan had rendered an opinion about razing the burned building, but this argument is wholly without merit.

Indiana law allows for tolling of a statute of limitations under limited circumstances.  Indiana Code § 34-11-5-1 provides that, "[i]f a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action."  However, Indiana courts "narrowly defin[e] concealment, and generally the concealment must be active and intentional."  *Olcott Int'l & Co. v. Micro Data base Sys., Inc.*, 793 N.E.2d 1063, 1072 (Ind. Ct. App. 1993).  Furthermore, "the affirmative acts of concealment must be calculated to mislead and hinder a plaintiff from obtaining information by the use of ordinary diligence, or to prevent inquiry or elude investigation.

There must be some trick or contrivance intended by the defrauder to exclude suspicion and prevent inquiry." *Id*. Allstate cites no fact or circumstance to demonstrate that it could not have discovered Donan's identity at some point during the limitations period had it used ordinary diligence. Nor has Plaintiff provided any evidence that Donan actively concealed its identity. Hence, the accrual date remains unaffected by any principles of tolling, making clear the fact that Allstate's claims against Donan are barred by falling outside the two-year limitations period.

## IV.    Conclusion

For the reasons outlined above, Defendant Donan Engineering, Inc.'s, Motion for Summary Judgment Based on Statute of Limitations (Docket Items 117) is **GRANTED** and Plaintiff's claims against Donan Engineering, Inc., are **DISMISSED**. Defendant Donan Engineering, Inc.'s Motion for Summary Judgment (Docket Items 95) is **DENIED AS MOOT**.

**SO ORDERED**

Date:   03/02/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Larry R. Church

MCNEELY STEPHENSON THOPY & HARROLD

lrchurch@msth.com


Thomas F. Glassman

SMITH, ROLFES & SKAVDAHL CO., LPA

tglassman@smithrolfes.com


Thomas G. Goodwin

BOEHL STOPHER & GRAVES, LLP

tgoodwin@bsg-law.com


Jeffrey L. Hansford

BOEHL STOPHER & GRAVES, LLP

jhansford@bsg-in.com


Rebecca Bennett Howard

WYATT TARRANT & COMBS, LLP

rebeccabennetthoward@wyattfirm.com


James D. Johnson

RUDOLPH FINE PORTER & JOHNSON

jdj@rfpj.com

Anthony J. Morrone

COZEN O'CONNOR

amorrone@cozen.com


John Patrick Schomaker

SMITH ROFLES & SKAVDAHL CO, L.P.A.

pschomaker@smithrolfes.com


Edward H. Stopher

BOEHL STOPHER & GRAVES, LLP

estopher@bsg-law.com